Michele Bell
PO Box 266
Eastchester, NY 10709

4/ 29/201

**Complaint Against Jonathon Sacks,**

Jonathan Sacks
27 Marbourne Dr.
Mamaroneck, NY 10543
914-381-0212

Judge Drain:

I am writing to complain about the above-named individual. Jonathon Sacks engaged in illegally obtaining my social security number without my permissions or authorization. On March 7th, Jonathon Sacks ordered the Yonkers civil courts to force me to produce my social security number otherwise I should be incarcerated. He also sent me an email stating that I am being held in contempt of court based on that I did not provide him with my social security number. The civil court informed Mr. Sacks that he was unable to obtain any information based on my Bankruptcy.

On April 29th, Jonathon Sacks stated he has obtained my social security number and announced my social security number in the courtroom in front of Judge Drain and the entire courtroom.

I ask the court to demand the source that which Jonathon Sacks obtained my personal social security number and additionally press charges for these actions.

Sincerely,

*Michele Bell*
(Signature)

*[Handwritten: One Example of Harassing Emails sent to me + 4 other recipients]*

**Cynthia**

| | |
|---|---|
| **From:** | Jonathan Sacks [jonathan.sacks@ebbrands.com] |
| **Sent:** | Friday, December 03, 2010 7:37 AM |
| **To:** | michele.bell@sothebysrealty.com; info@bridestobeny.com; chicevents@chiceventsny.com; affluent@affluentluxuryproperties.com |
| **Subject:** | Information Subpoena |
| **Attachments:** | Information Subpoena.pdf; MCClellan 2nd Demand.pdf |

As advised the request for income and asset disclosure was filed with the Yonkers court. On November 30th the motion was granted by the court and the attached Information Subpoena was issued that you are compelled to answer. Failure to answer the subpoena or to fully disclose information will be considered contempt of court and is punishable as a criminal offense.

Should you wish to avoid the further embarrassment of the subpoena being served on you in person and to the addresses below, I suggest once again that you contact me to settle this debt. Should I not hear from you Monday, December 6, 2010, I will instruct the process server to deliver the subpoenas. Be reminded that the cost of service will be added to the award.

Additional subpoena's may be issued to the cell phone companies, utility companies, landlords and any other party that you do business with to determine what method of payments you use to pay these bills. These creditors will be compelled to provide information on your bank accounts and credit cards. This information can then be used to lien these accounts.

There is sufficient information to believe that you reside, had resided or do business from the following addresses, all of which will be subject to the next subpoenas:

Michele Bell
43 Bronxville Rd
Bronxville, NY 10708

Chic Events
43 Bronxville Rd
Bronxville, NY 10708

Brides to Be
364 COLUMBUS AVE
TUCKAHOE, NY 10707

Brides to Be
Gianni Aprea
23 MERRITT AVE
EASTCHESTER, NY 10709
(914) 961-9770

Michele Bell Real Estate
Ian Bell
64 Sagamore Rd, Bronxville, NY 10708
(914) 815-2222

AFFLUENT PROPERTIES ASSOCIATES LLP
1088 CENTRAL PARK AVE
SCARSDALE, NY 10583-3234
(914) 472-9434

McClellan/Sotheby's Realty

1

Cynthia — *Another example of harassing emails sent to myself + Employer —*

**From:** Jon Sacks [jsacks@cloud9.com]
**Sent:** Monday, February 28, 2011 3:44 PM
**To:** michelecbell@gmail.com; michele.bell@sothebysrealty.com
**Cc:** sona.davidian@sothebysrealty.com
**Subject:** Contempt of Court
**Attachments:** Order to Show Cause-Contempt.pdf; Affidaivt in Support of Contempt.pdf

By now you are aware that I have filed with the court to hold you in contempt along with other actions that the court may deem appropriate since you have failed to pay the judgment against you or contacted me to work out a payment schedule.

The Yonkers court has assigned a date of March 7, 2011 at 1pm for you to appear to show cause as to why you should not be held in contempt of court per the attached affidavit. Under NY State law you may be fined and/or imprisoned for your failure to comply with the orders of the court.

Only compliance with the order by submitting payment in full in the amount of $3,720.93 (judgment, collection expense and statutory interest at 9%) prior to this date is acceptable.

Additionally I am aware of the sale that was made by you through Sotheby's on 117 Gramatan that closed 9/24/10 (after the date that Sotheby's was served with the income execution). Their failure to deduct the judgment from you commission exposed them to civil action and should you not pay the debt I will have no choice but to start an action against them.

I regret this unfortunate action but you have left me no other choice in this matter.

Jon Sacks
jsacks@cloud9.com

*aggravated harassment*

*Slander through IntimADATion*

1

Cynthia *Another example of harassing emails sent to myself + Employer —*

| | |
|---|---|
| From: | Jon Sacks [jsacks@cloud9.com] |
| Sent: | Monday, February 28, 2011 3:44 PM |
| To: | michelecbell@gmail.com; michele.bell@sothebysrealty.com |
| Cc: | sona.davidian@sothebysrealty.com |
| Subject: | Contempt of Court |
| Attachments: | Order to Show Cause-Contempt.pdf; Affidaivt in Support of Contempt.pdf |

By now you are aware that I have filed with the court to hold you in contempt along with other actions that the court may deem appropriate since you have failed to pay the judgment against you or contacted me to work out a payment schedule.

The Yonkers court has assigned a date of March 7, 2011 at 1pm for you to appear to show cause as to why you should not be held in contempt of court per the attached affidavit. Under NY State law you may be fined and/or imprisoned for your failure to comply with the orders of the court.

Only compliance with the order by submitting payment in full in the amount of $3,720.93 (judgment, collection expense and statutory interest at 9%) prior to this date is acceptable.

Additionally I am aware of the sale that was made by you through Sotheby's on 117 Gramatan that closed 9/24/10 (after the date that Sotheby's was served with the income execution). Their failure to deduct the judgment from you commission exposed them to civil action and should you not pay the debt I will have no choice but to start an action against them.

I regret this unfortunate action but you have left me no other choice in this matter.

Jon Sacks
jsacks@cloud9.com

*aggravated harassment*

*slander through intimadation*

1

CITY COURT OF YONKERS
COUNTY OF WESTCHESTER: STATE OF NEW YORK X

*[handwritten annotation: "Proof that Soc Sec# was not voluntarily given to J. Sacks"]*

---

PLAINTIFF

**Barrie Sacks & Jonathan Sacks**    Index #: SC-003041-09/YO

      -against-

                            **AFFIDAVIT IN SUPPORT OF
                            ORDER TO SHOW CAUSE TO**

**Michele Bell**                  **PUNISH FOR CONTEMPT**

                                    X

State of New York       }
County of Westchester   }  ss:

---

The Plaintiff, Jonathan Sacks, residing at 27 Marbourne Drive, Mamaroneck, New York, being duly sworn, deposes and says:

1.    I am the Plaintiff in this civil action.

2.    I submit this affidavit in support of my Motion for civil and criminal contempt sanctions against Michele Bell for her willful failure to comply with the Information Subpoena of this Court, dated November 30, 2010. A copy of that Order is annexed to this affidavit as "Exhibit A".

3.    On November 16, 2010, this Court awarded your plaintiff $3,201.50 plus interest and fees in this civil action.

4.    The Information Subpoena was served upon Michele Bell at her place of residence, 43 Bronxville Rd, Apt B, Bronxville, NY 10708 as indicated in the Affidavit of Service hereto attached as "Exhibit B".

5.    Attached to this affidavit as "Exhibit C" is the Information Subpoena returned by the defendant omitting information as ordered by the court.

6.    Michele Bell should be held in contempt of this Courts Order because:

        a) That in said Information Subpoena Item 1 the defendant affirmed that her address as listed was "correct and complete", but in fact it does not contain her apartment number which was ascertained as Apartment "B" during service.

        b) That in said Information Subpoena Item 2 of the Information Subpoena "Social Security Number", "Date of Birth" were crossed out by the defendant and omitted.

c) That in said Information Subpoena the defendant provided the phone number not of her residence but of "McClellan Real Estate" of Pelham, NY.

d) Omission of her contract employment in question 4 with Affluent Properties Associates LLP, 1088 Central Park Ave, Scarsdale, NY 10583.

e) Omission of her contract employment in question 4 with Brides to Be, 364 Columbus Ave, Tuckahoe, NY 10707.

f) Omission of self employment in question 4 with Michele Bell Real Estate, 64 Sagamore Rd, Bronxville, NY 10708.

7.    Attached to this affidavit as "Exhibit D" is an e-mail communication dated December 2, 2010 where the Defendant indicated that she refuses or cannot pay, but chooses not to disclose her reasons and that the plaintiff should cease any communications with her.

8.    That I believe that nothing less than a fine and incarceration will persuade Michele Bell to comply with the Court's Orders or Judgment, including income deduction Orders, Income executions, sequestration or posting of bond will be or have been successful because of her demonstration of willful contempt of this court.

9.    If Michele Bell is not forced to comply with this order I will suffer losses as shown in "Exhibit E" in the amount of $3,576.18 covering the judgment, court fees, service costs and interest.

10.   That your plaintiff has no other pending requests, motions or actions in regard to this matter with this court or any other court or jurisdiction.

**WHEREFORE, your Plaintiff respectfully requests in the above matter:**

1.    Arrest of Judgment Debtor as prescribed in NYS Civil Law, Article 52 § 5250, § 5210 § 5223 for contempt.

2.    An Income Deduction Order for Support Enforcement to McClellan Sotheby's Realty, 207 Wolf's Lane, Pelham, NY 10803 & Affluent Properties Associates LLP, 1088 Central Park Ave, Scarsdale, NY 10583 & Brides to Be, 364 Columbus Ave, Tuckahoe, NY 10707 & Michele Bell Real Estate, 64 Sagamore Rd, Bronxville, NY 10708 as prescribed by NYS Civil Law, Article 52 § 5242 Income Deduction Order for Support Enforcement.

**NOTICE: THE PURPOSE OF THIS PROCEEDING IS TO PUNISH YOU FOR CONTEMPT OF COURT. SUCH PUNISHMENT MAY CONSIST OF A FINE, IMPRISONMENT OR BOTH ACCORDING TO LAW.**

**WARNING: YOUR FAILURE TO APPEAR IN COURT MAY RESULT IN YOUR IMMEDIATE ARREST AND IMPRISONMENT FOR CONTEMPT OF COURT.**

At Part __V__ of the Yonkers City Court held in the County Westchester on February 7 , 2011.

**PRESENT:**

HON. __Thomas R. Daly__

---------------------------------x   Index #: __SC-003041-09/YO__

              Plaintiff,
**Barrie Sacks & Jonathan Sacks**

       -against-   **ORDER TO SHOW CAUSE**

**Chic Events, Michele Bell and Michele Bell D/B/A Chic Events**
              Defendant

---------------------------------x

    Upon the annexed Affidavit of __Jonathan Sacks__ , the Plaintiff in this action, sworn to this day __December 16, 2010,__ with papers attached to this Order to Show Cause, and on all proceedings had herin,

    **LET** __Michele Bell__ the Defendant, Defendant's agent or Defendant's attorney show cause before me or one of the Judges of this court at Part V, to be held at the courthouse thereof

located at Robert W. Cacace Justice Center, City Court of Yonkers, 100 South Broadway, 3rd Floor on **March 7, 2011**, at 1:00pm or as soon thereafter as Defendant, Defendant's agent or Defendant's attorney can be heard why an order should not be made to punish for contempt or reasons fully set forth in the annexed affidavit,

**WHY** such an order and further relief should not be granted as may be just pursuant to NYS Civil Law, Article 52 § 5250, § 5210 § 5223 for contempt.

a. Holding  Michele Bell  in Contempt of Court for willful refusal to comply with the Orders and Judgments of this Court as per the annexed Affidavit.

b. Fining and/or imprisoning  Michele Bell  for such contempt; and

c. Granting such other and further relief as this Court may deem just and proper.

**SUFFICIENT REASON APPEARING THEREFOR,**

**ORDERED**, service of a copy of this order together with a copy of the affidavit annexed hereto be made on  Michele Bell  Defendant, Defendant's agent or Defendant's attorney on or before **February 22, 2011** by regular and certified mail, be deemed good and sufficient service.

Proof of service to be filed by **February 25, 2011.**

Dated:    February 7, 2011                    Hon. Thomas R. Daly
          Yonkers, N.Y.                       Judge of the City Court

**Penal Code § 120.45. Stalking in the fourth degree. 1999.**

A person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct:

1. is likely to cause reasonable fear of material harm to the physical health, safety or property of such person, a member of such person's immediate family or a third party with whom such person is acquainted; or

2. causes material harm to the mental or emotional health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person's immediate family or a third party with whom such person is acquainted, and the actor was previously clearly informed to cease that conduct; or

3. is likely to cause such person to reasonably fear that his or her employment, business or career is threatened, where such conduct consists of appearing, telephoning or initiating communication or contact at such person's place of employment or business, and the actor was previously clearly informed to cease that conduct.

Stalking in the fourth degree is a class B misdemeanor.

**§ 120.45 Stalking in the fourth degree.**

   A person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct:

   1. is likely to cause reasonable fear of material harm to the physical health, safety or property of such person, a member of such person's immediate family or a third party with whom such person is acquainted; or
   2. causes material harm to the mental or emotional health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person's immediate family or a third party with whom such person is acquainted, and the actor was previously clearly informed to cease that conduct; or
   3. is likely to cause such person to reasonably fear that his or her employment, business or career is threatened, where such conduct consists of appearing, telephoning or initiating communication or contact at such person's place of employment or business, and the actor was previously clearly informed to cease that conduct.

Stalking in the fourth degree is a class B misdemeanor.